IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLLEEN CADAGIN, As Executrix of ELIZABETH DRISCOLL, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, IMERYS TALC AMERICA, INC., and WALGREEN CO.,<br><br>Defendants. | Case No. 18-CV-1821-SMY-DGW |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (the "J&J Defendants"), with the consent of Defendant Imerys Talc America, Inc., filed a Notice of Removal on October 5, 2018, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332, and also moved this Court to stay all proceedings in this action pending transfer to MDL No. 2738, *In re Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation* (Doc. 6). Plaintiff moved to remand the case to state court on October 8, 2018 (Doc. 9). Although the J&J Defendants have not yet responded to Plaintiff's motion, this matter is presently before the Court *sua sponte* on the issue of subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case").[1]

---

[1] By Order of the Judicial Panel on Multidistrict Litigation in MDL No. 2738 issued on October 15, 2018, the instant action was conditionally transferred to the District of New Jersey, subject to a seven-day stay (*See* MDL No. 2738, Doc. 1445). The interim Order, however, does not preclude this Court from meeting its responsibility to evaluate whether federal subject matter jurisdiction exists in this case. *See Illinois Municipal Retirement Fund v. Citigroup*, Inc., 391 F.3d. 844, 850-851 (7th Cir. 2004).

## Background

Plaintiff Colleen Cadigan, as Executrix of Elizabeth Driscoll, Deceased, originally filed this action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, raising claims under the Illinois Wrongful Death Act, 735 ILCS 180/1 *et seq*. and the Illinois Survival Act, 735 ILCS 5/27-6 against the J&J Defendants, Imerys, and Walgreens Co ("Walgreens"). Plaintiff alleges that Driscoll developed ovarian cancer and suffered various personal injuries ultimately resulting in her death due to her habitual use of Johnson's Baby Powder and Johnson's Shower to Shower (the "Products"). The Complaint asserts eighteen causes of action including: strict liability for failure to warn against all defendants (Counts I and IX); negligence against Imerys (Counts II and X); negligence against the J&J Defendants (Counts III and XI); negligence against Walgreens (Counts IV and XII); breach of express warranty against the J&J Defendants (Counts V and XIII); breach of implied warranties against the J&J Defendants and Walgreens (Counts VI and XIV); civil conspiracy against the J&J Defendants and Imerys (Counts VII and XV); negligent misrepresentation against the J&J Defendants and Imerys (Counts VIII and XVI) (*see* Doc. 1-1, ¶¶ 36-146).

## Discussion

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In order for complete diversity to exist, "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The defendant bears the burden of establishing that all of the prerequisites for removal have been

satisfied; the jurisdictional circumstances existing at the time of removal are determinative. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004); *In re Shell Oil Co.,* 966 F.2d 1130, 1133 (7th Cir. 1992).

Complete diversity does not exist on the face of the Complaint in this case because Walgreens and Driscoll are both citizens of Illinois (*see* Doc. 1-1 at ¶¶ 3, 10). The J&J Defendants do not deny that complete diversity is lacking, but assert that Walgreens was fraudulently joined to defeat diversity jurisdiction. Out-of-state defendants seeking removal must clear a high hurdle to show that a plaintiff fraudulently joined a party. Specifically, "[t]he defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). If the defendant makes such a showing, the federal court may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers*, 577 F.3d at 752, 763 (7th Cir. 2009)).

The J&J Defendants contend that Walgreens is merely a "pass-through retailer" and as such, Plaintiff's claims against it fail under "the innocent seller statute" (735 ILCS 5/2-621). Under Illinois law, all entities in the chain of distribution for an allegedly defective product are subject to strict liability in tort. *See Lewis v. Johnson & Johnson, et al*., 2015 WL 5121417, at 2 (S.D. Ill. August 31, 2015). Section 2–621 provides an exception in products liability actions, whereby any non-manufacturing defendant who has not contributed to the alleged defect is subject to dismissal. *See Murphy v. Mancari's Chrysler Plymouth, Inc.,* 381 Ill. App. 3d 768, 770 (1st Dist. 2008) ("a non-manufacturer defendant in a strict product liability action may be dismissed from the action if it certifies the correct identity of the manufacturer of the product

which allegedly caused the injury."). But as numerous courts have held, a finding of fraudulent joinder cannot rest on the § 2-621 exception because a dismissal pursuant to the provision is merely conditional – a distributor who is conditionally dismissed can be reinstated under certain circumstances. *See Kopitke v. Depuy Orthopaedics, Inc.,* 2011 WL 856865, at *3 (N.D. Ill. Mar. 8, 2011) (citing cases).

Moreover, the J&J Defendants' argument ignores the existence of Plaintiff's negligence and breach of implied warranties claims against Walgreens, which are not subject to dismissal under 735 ILCS 5/2–621. *See Lewis v. Johnson & Johnson,* 2015 WL 5121417, at * 3 (S.D. Ill. Aug. 31, 2015); *Harlan v. Johnson & Johnson*, 2015 WL 5121408, at *3 (S.D. Ill. Aug. 31, 2015); *Whelchel v. Briggs & Stratton Corp.,* 850 F. Supp. 2d 926, 936 (N.D. Ill. 2012) ("Even if [defendant] is entitled to dismissal of the strict liability claims under the Distributor Statute, defendant may be properly named in Plaintiff's claims of negligence."). Plaintiff alleges in Counts IV and XII that based on studies dating back to the 1960s, Walgreens knew or should have known that the use of talcum powder based products in the perineal area significantly increased the risk of ovarian cancer. Plaintiff further alleges that Walgreens knew or should have known that consumers were using the Products in the perineal region and that the Products contained no warnings regarding the risk of ovarian cancer. The specific allegations of negligence in the Complaint include:

> failing to warn [Driscoll] of the hazards associated with the use of the Products; failing to properly test the Products to determine the adequacy and effectiveness or safety measures, if any, prior to releasing the Products for consumer use; failing to properly test the Products to determine the increased risk of ovarian cancer-during normal and/or intended use of them; failing to inform ultimate users, such as [Driscoll], as to the safe and proper methods of handling and using the Products; failing to remove the Products from the market when it knew or should have known that the Products were defective; failing to instruct the ultimate users, including [Driscoll], as to the methods for preventing or reducing the type of exposure to the Products which caused increased risk of ovarian

cancer; failing to inform the public in general, and [Driscoll] in particular, of the known dangers of using the Products for dusting the perineum; marketing and labeling the Products as safe for all uses despite knowledge to the contrary; and failing to act like a reasonably prudent company under similar circumstances.

(Doc. 1-1, pp. 15-16).

In Counts VI and XIV, Plaintiff asserts a claim for breach of implied warranties against Walgreen and alleges that at the time the defendants "manufactured, marketed, labeled, promoted, distributed and/or sold the Products, the J&J Defendants and Walgreens knew of the uses for which the Products were intended and impliedly warranted the Products to be of merchantable quality and safe for such use" (Doc. 1-1, pp. 17-18). Plaintiff also alleges that Walgreens breached implied warranties because the Products sold to Driscoll were not fit for their common, ordinary and intended uses, including use by women in the perineal area. *Id.*

Based on the above-referenced allegations, Plaintiff's Complaint states viable claims against Walgreens for negligence and breach of implied warranties. Thus, Walgreens will remain in the lawsuit even if it has a valid defense to the strict liability claim. *See Korologos v. Radium Chem. Co.*, 1986 WL 7700, at *3 (N.D.Ill. June 27, 1986).

Courts in both the Northern District of Illinois and Southern District of Illinois have considered and routinely rejected the identical fraudulent joinder arguments raised by the J&J Defendants in this case. *See Coates v. Johnson & Johnson, et al.,* Case No.: 1-18-cv-02398; *Harris v. Johnson & Johnson, et al.*, Case No.:1:17-cv-2889; *Lewis v. Johnson & Johnson, et al.*, 2015 WL 5121417 (S.D. Ill. August 31, 2015); *Harlan v. Johnson & Johnson, et al.*, 2015 WL 5121408 (S.D. Ill. August 31, 2015); *Doles v. Johnson & Johnson, et al.*, 2009 WL 3349806 (S.D. Ill. October 19, 2009). This Court will not stray from those well-reasoned decisions.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this matter, and is therefore obligated, pursuant to 28 U.S.C. § 1447(c), to remand the case back to the

Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. All pending motions are terminated as **MOOT**, and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: October 16, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**